UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON.COM SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>YAUHENI DAUZHANOK, AESMART LLC, and DOES 1-10,<br><br>Defendants. | CASE NO. C24-825 MJP<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order to Show Cause <u>sua sponte</u> after reviewing Plaintiffs' Complaint and Motion for Default Judgment. (Dkt. Nos. 1, 19.) Based on the Court's review, the Court believes that Plaintiffs have not sufficiently alleged subject matter jurisdiction. See <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977) (holding that federal courts must inquire <u>sua sponte</u> whenever its jurisdiction is in doubt).

The Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C.

ORDER TO SHOW CAUSE - 1

§ 1332(a)(1). For the Court to have jurisdiction under § 1332(a)(1), there must be complete diversity between the parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). And as is relevant here, for purposes of diversity jurisdiction "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiffs seek entry of default judgment against: (1) Defendant Yauheni Dauzhanok, allegedly a resident of Belarus; (2) Defendant Aesmart LLC, a Wyoming-based LLC that Plaintiffs allege is "owned, operated, and/or controlled by Defendant Dauzhanok"; and, (3) "Defendants Does 1-10 (the 'Doe Defendants') [who] own, operate, or maintain Aesmart, or are otherwise responsible for Aesmart's operation." (Compl. ¶¶ 20-23; Mot. for Def. Judgment.) Plaintiffs assert that "[t]he Court has subject matter jurisdiction under 28 U.S.C. § 1332 because (1) this action is between citizens of different states (Washington and Delaware for Plaintiffs, and Belarus and Wyoming for Defendants); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs." (Mot. for Def. Judgment at 2 (citing Compl. ¶¶ 19-21, 24).)

The Court does not find that Plaintiffs' allegations suffice to show complete diversity as between the Parties. First, Plaintiffs have not alleged who all of the members/owners of the Wyoming-based LLC defendant are, and what their citizenship may be. The Complaint states that Dauzhanok owns, operates, and controls the LLC, but it does not allege that he is the sole member/owner. (See Compl. ¶ 22.) These allegations do not suffice to show complete diversity as to the LLC defendant. See Johnson, 437 F.3d at 899. Second, Plaintiffs have not alleged anything as to the citizenship of the Doe defendants. The Ninth Circuit has indicated that the inclusion of unidentified "doe" defendants can destroy diversity jurisdiction. Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1980) (affirming dismissal where the inclusion

1  of unidentified "doe" defendants "destroys [diversity] . . . jurisdiction"). Without further
2  information about the citizenship of the LLC's members/owners and the Doe defendants, the
3  Court lacks a sufficient basis to conclude that Plaintiffs have properly invoked the Court's
4  diversity jurisdiction.
5     Plaintiffs are hereby ORDERED to SHOW CAUSE as to how the Court has subject
6  matter jurisdiction over this action and why it should not dismiss it for lack of diversity
7  jurisdiction. Plaintiffs shall file a brief of no more than 2,100 words to be filed within 14 days of
8  this Order. The Court will hold the Motion for Default Judgment in abeyance, and, if Plaintiffs
9  show that complete diversity exists, the Court will re-note the Motion for decision.
10    The clerk is ordered to provide copies of this order to all counsel.
11    Dated December 6, 2024.

                                      Marsha J. Pechman
                                      United States Senior District Judge