UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON.COM SERVICES, LLC,<br><br>    Plaintiffs,<br><br> v.<br><br>YAUHENI DAUZHANOK, AESMART LLC, and DOES 1-10,<br><br>    Defendants. | CASE NO. C24-825 MJP<br><br>ORDER DISMISSING DEFENDANTS |

This matter comes before the Court on Plaintiffs' Response to the Order to Show Cause in which they ask the Court to dismiss certain defendants. (Dkt. No. 24.) Having reviewed the Response and all supporting materials, the Court GRANTS Plaintiffs' request and DISMISSES Defendants Aesmart LLC and Does 1-10 from this action.

In its Order to Show Cause, the Court noted that Plaintiffs had failed to adequately identify the citizenship of Defendants Aesmart LLC and Does 1-10, and that the Court could not assure itself that it had diversity jurisdiction over this action. In response, Plaintiffs concede that

"available corporate records are insufficient for Plaintiffs to determine a complete list of the LLC's members." (Resp. at 2.) They also note that the Doe Defendants are nominal placeholders who "are wholly fictitious" and that information is not available to determine their citizenship. (Id. at 5.) Plaintiffs ask the Court to "cure any possible defect regarding diversity" by dismissing Defendants Aesmart LLC and Does 1-10 under Rule 21.

The Court finds that dismissal of Defendants Aesmart LLC and the Does 1-10 is proper under Rule 21.

Under Rule 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "'[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 572–73 (2004) (quoting Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 832 (1989)). Rule 21 gives "'discretionary power [to the federal court] to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19.'" Kirkland v. Legion Ins. Co., 343 F.3d 1135, 1142 (9th Cir. 2003) (quoting Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980)). And in determining whether a party is dispensable, the court considers four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The Court here finds that dismissal of both Aesmart LLC and the Doe Defendants is proper under Rule 21. As the Court has previously noted and as Plaintiffs now concede, the Court cannot be assured as to the citizenship of any of these defendants. And their presence may destroy complete diversity. This makes dismissal of these defendants an appropriate means of ensuring complete diversity. See Fed. R. Civ. P. 21. This leaves only Defendant Yauheni Dauzhanok, who is alleged to be a citizen of a foreign country—Belarus—and diverse from Plaintiffs.

Additionally, in considering the four Rule 19 factors, the Court agrees with Plaintiffs that Defendants Aesmart LLC and Does 1-10 are dispensable parties. See Fed. R. Civ. P. 19. First, there is no evidence that either Dauzhanok or the newly-dismissed parties would be prejudiced by dismissal. Even if there are other members of Aesmart LLC, a personal judgment against Dauzhanok alone does not appear likely prejudice the other LLC members. And given that the Doe Defendants are fictitious, there is no evidence that their dismissal could cause prejudice to any named defendant. Second, if only Dauzhanok is a named defendant, the judgment itself can be narrowly tailored to apply only to him to avoid prejudice to others. Third, Plaintiffs believe, and the Court has no reason to doubt, that judgment against Dauzhanok alone will redress the alleged harm identified in their claims. (See Resp. at 3.) Fourth, Plaintiffs argue that dismissal is proper because they have already "expended . . . considerable resources" to litigate this case, which is at a "late stage," and that being forced to refile the case in state court would be wasteful. (Id. at 4.) The Court is not convinced by this argument. This case remains in its infancy and Plaintiffs have not had to engage in particularly substantive litigation. And if the Court were to dismiss this case, Plaintiffs would be able to easily refile this matter in state court, though not

1  without some duplication of effort. On balance, though, the four factors weigh against finding

2  Defendant Aesmart LLC and the Doe Defendants indispensable. The Court therefore finds them

3  to be dispensable parties and that dismissal under Rule 21 is proper.

4      Accordingly, the Court GRANTS Plaintiffs' request and DISMISSES Defendants

5  Aesmart LLC and Does 1-10. The Court will separately rule on Plaintiffs' Motion for Default

6  Judgment as to Dauzhanok alone.

7      The clerk is ordered to provide copies of this order to all counsel.

8      Dated December 26, 2024.

Marsha J. Pechman
United States Senior District Judge